quested to be certified to the judge for his opinion, which is hereby done.)

BLATCHFORD, District Judge. The questions must be answered. The clerk will certify this decision to the register, Isaac Dayton, Esq.

## Case No. 2,806.

### In re CLARK et al.

[5 N. B. R. 255.][1]

District Court, S. D. New York. April 25, 1871.

BANKRUPTCY—PROOF OF CLAIM BY SECURED CREDITOR.

Where a creditor who has ample security for his claim makes proof of the same, without mentioning the security, through inadvertence and ignorance of the law, an order will be entered granting to the said creditor leave to withdraw his proof and restoring to him his rights as though no proof had been filed.

[Cited in Re Hope Min. Co., Case No. 6,-681; Re Parkes, Id. 10,754; Re Baxter, 12 Fed. 75.]

[On certificate of I. T. Williams, Register:]

The undersigned register to whom the above entitled case is referred, respectfully reports and certifies to this honorable court: That John Byrne, by his attorney in fact, on the seventeenth day of January, eighteen hundred and seventy, made proof in due form of law, before me, of his claim against the estate of said bankrupts for the sum of six thousand seven hundred dollars, without making any reference to any security held therefor. That afterwards and on the thirtieth of March, eighteen hundred and seventy-one, the said John Byrne filed his petition before me which is hereto annexed, from which it appears that he has ample security for his claim, and that the proving thereof was made and filed through inadvertence or ignorance of his attorney of the fact that any security was held therefor, praying for leave to withdraw his said proof, and that he be restored to his rights in all things as if no such proof had been made or filed. That notice of the filing of said petition was given to the assignee in these proceedings who thereupon appeared before me and objected to the granting of the prayer of the said petition, on the ground that the said security had been by the making and filing of said proof waived, and that the estate had thereby assumed rights which he did not feel at liberty to relinquish. Whereupon I hereby certify the issue so framed to this court for decision. And I further certify and report that I am perfectly satisfied that the said proof was made and filed solely through inadvertence and in ignorance of the law, or of the facts of the case on the part of the said attorney who made the same, and that the said petitioner, had he known the facts and law, would not have made or filed the said

proof. Wherefore I recommend to this honorable court that an order be entered giving leave to said petitioner to withdraw his said proof, and that he be in all things restored to his rights as though no proof of claim had been made or filed.

BLATCHFORD, District Judge. An order to the effect recommended by the register should be entered.

## Case No. 2,807.

### In re CLARK et al.

[6 N. B. R. 194.][1]

District Court, S. D. New York. Nov. 11, 1871.

POWER OF REGISTER IN BANKRUPTCY — INFORMATION FROM ASSIGNEE—CALLING MEETINGS.

1. The register in charge has power to order an assignee to furnish him with all necessary information as to funds in his hands.

2. A third meeting of creditors—not being a final meeting—should not be called except for cause shown, and if the register be satisfied that no such cause exists, he is justified in refusing to grant the order for such a meeting.

[On certificate of I. T. Williams, Register:]

I, the undersigned register in charge of the above entitled proceedings, do hereby certify to this court, that I did, on the twenty-seventh day of October, eighteen hundred and seventy-one, receive from the assignee in this case a request to call a third meeting of creditors. That, as the said request did not state the reasons why such a request was made, I applied to the said assignee by letter, dated the thirty-first day of October, eighteen hundred and seventy-one, to call at my office and confer with me upon the subject of such application. That I received in reply thereto a letter from Messrs. Bangs, Sedgwick & North, "attorneys for the said assignee, pro hac vice," bearing date first November, eighteen hundred and seventy-one, which is herewith submitted. That, upon an examination of the accounts of said assignee on file in my office, I find, so far as I can understand the same, that no funds have been received since the last dividend meeting of the creditors held on the twenty-ninth day of March, eighteen hundred and seventy-one, at which meeting a dividend of six per cent. was duly declared and paid—save the sum of ninety-seven dollars and forty-one cents, which appears to be the amount of interest which has accrued upon the sum of eight thousand eight hundred and twenty-six dollars and seventy-six cents, which is now and was, as I understand, on deposit in the United States Trust Company at the time of the said last dividend meeting, and is not yet in a condition to be divided among the creditors. In doubt whether any further sums were in the hands of the said assignee and uncertain if the

---

[1] [Reprinted by permission.]                    [1] [Reprinted by permission.]

said sums so in the said trust company could yet be divided among the creditors, I did, on the sixth of November, eighteen hundred and seventy-one, issue an order to the said assignee for information on this subject. In reply to the said order, I received a letter from the said attorneys for the said assignee on the seventh day of November, eighteen hundred and seventy-one, and on the same day I also received from said attorneys a request to certify the point to the court as to whether I had authority to make the said order. Upon the question of the power of the register to make such an order, I submit that section twenty-eight of the act devolves upon the register the exercise of a discretion in reference to "further dividend meetings." He should call them if "occasion requires." This makes it his duty to ascertain if the occasion does require it. What other means of information has he at command? If he cannot order this information to be given, he is powerless to execute the duty imposed upon him by statute. General order 5 makes it his duty to "take proceeding for the declaration and payment of dividends." Dividend meetings are most generally called for at the request of creditors, or, in many cases, they would never be called. In such cases creditors often aver that the assignee has funds, &c. The practice then is to order the assignee to file accounts from which this fact can be ascertained, or otherwise inform the register upon the subject. When the fact is ascertained the register exercises a discretion—calling or not calling a meeting as the facts may warrant. It is clear from section twenty-eight that the meeting asked for, not being the final meeting, should not be called except for cause shown. See In re Son [Case No. 13,174].

And I further certify that on the fourth day of November inst., I was served with a paper to which was appended divers printed papers, being accounts and so forth, raising the point that it is my duty by law to grant the order so applied for, and requesting me to certify the point so raised to the court; and I further certify that before I had sufficient time to prepare said certificate I was served—to wit, on the eighth day of November—with an order of this court requiring me to call a meeting of creditors or certify the point so raised as aforesaid. I have not been served with a copy of the petition upon which said order is founded, and am ignorant of what it may allege. But in obedience to said order I certify that under rule six of this court, and the ruling in Re Son [supra], it is the duty of the register to ascertain for what purpose the meeting is asked, and whether there be any funds for distribution. That without such information on the subject, I cannot be called upon to exercise the discretion, which the act devolves upon me the duty of exercising, upon an application of this character. I

have therefore waited in the hope of receiving such information so that I might intelligently pass upon the application. In Re Littlefield [Case No. 8,398], Lowell, J., in speaking of the second and third meetings of creditors which had been held, says: "The meetings in this case having been called by order of the court, it must be presumed that good cause was shown for the action of the court in the premises." And I further certify that from my knowledge of this case, and from what has transpired before me, I do not understand that it is the purpose of the assignee or his counsel, that a further dividend should be declared at the meeting asked for. But if the contrary be shown, or if reasonable grounds of any character whatsoever for calling such meeting be made to appear, I shall most cheerfully grant the order asked for. All of which is respectfully submitted.

BLATCHFORD, District Judge. I think the register had the authority to make the order of November sixth, eighteen hundred and seventy-one, and I concur in his views in regard to the calling of a third general meeting of creditors in this case.

---

## Case No. 2,808.

In re CLARK et al.

[6 N. B. R. 202.][1]

District Court, S. D. New York. Nov. 23, 1871.

BANKRUPTCY — OBJECTIONS TO PROOF OF DEBT— CERTIFICATION.

When written objections to a proof of debt are filed with the register and testimony is taken thereon, it is his duty, if requested by either party, to certify the same to the district judge for decision, even though no proof whatever be offered tending to invalidate the debt so proved.

[On certificate of I. T. Williams, Register:]

I, the undersigned register in charge of the above entitled matter, do hereby certify that on the second of August, eighteen hundred and seventy, Thomas D. James made proof before me of his claim against the said estate in due form of law. That on the third day of April, eighteen hundred and seventy-one, the assignee, by C. W. Bangs, his attorney, objected in writing to said claim, and filed said objection with me. That on the second day of November inst. the said Thomas D. James voluntarily appeared before me in person, and the said assignee, by Mr. F. N. Bangs, his counsel, also voluntarily appeared and stated that they desired to take proof of said claim, whereupon the said James was by me duly sworn and proceeded to give testimony. That at the close of said testimony, the said Bangs stated that he desired to state a question and have it certified to the court. He then wrote and signed a paper and handed it to the said James, who

---

[1] [Reprinted by permission.]